WYMAN OSBORN *vs.* HENRY J. BAXTER & another.

A sale of a bankrupt's real estate, under an order of the district court of the United
States, in which no time or place of sale is fixed by the court, is irregular and void.

THIS was a writ of entry to foreclose a mortgage of cer-
tain land in Lowell, conveyed in 1833 by Elisha Fuller, who
was then the owner thereof, to Darius Young, by whom the
same was immediately mortgaged back to Fuller to secure
the payment of the purchase money. This mortgage, having
been first assigned by Fuller to William Minot, in Novem-
ber, 1833, came by sundry mesne conveyances to Nehemiah
Hunt, who became a bankrupt in 1842, under the law of the
United States. The demandant claimed title as mortgagee,
under a sale alleged to have been made by the assignee of
Hunt, in pursuance of an order of the district court of the
United States, at which sale, the bankrupt's interest in the
mortgage was purchased by William S. Lovell, by whom
the same was afterwards assigned to the demandant.

The tenants claimed title to the demanded premises by
virtue of a deed from William Davidson, collector of taxes
for the city of Lowell, for the year 1848, by whom the land
was sold to pay the tax assessed thereon for that year to
Darius Young, as a non-resident proprietor.

Objections were taken by the tenants to the regularity
and validity of the proceedings under which the demandant
claimed title ; and the demandant objected to the validity of
the title relied upon by the tenant under the collector's deed ;
but as the decision of the case turned upon one of the
former only, the nature of which sufficiently appears in the
opinion of the court, the other grounds of objection are not
necessary to be stated.

The case was submitted upon an agreed statement of
facts.

*J. G. Abbott,* for the demandant.

*B. F. Butler* and *J. P. Robinson,* for the tenants.

SHAW, C. J. The title of the demandant depends upon

the regularity and validity of the sale under the authority of the district court.

It was objected to the regularity of the proceedings, under which the sale took place : 1st. That there was no sufficient description of the property to be sold; and 2d, That no time or place was specified in the order of the district court, as the time and place of making the sale.

It will only be necessary to consider the second of these objections.

In general, when a sale is made under a statute power, it must appear, that the requisitions of the statute, as conditions precedent to the operation of the power to pass the estate, have been complied with. It is argued for the plaintiff, that as the power in this case was vested in a court of justice, its adjudication upon the subject must be deemed conclusive. Perhaps this is true, as to all matters which precede the order, such as the petition, the meetings of creditors, the choice of assignee, and the like ; these precede the order, and upon such particulars the court may be presumed to have acted judicially and finally. But we have no occasion to decide on that point, because the erroneous proceeding relied on, to avoid the sale, is a matter upon which the court did not act, and to which its order did not purport to extend. By the bankrupt law, the district court of the United States was authorized to make all needful rules, in regard to matters in bankruptcy. By the ninth section of the bankrupt act, (5 U. S. St. at Large, 447,) it is provided, that a sale may be made at such time as the court may order, and upon such terms, &c. By the rules adopted by the district court, No. 16, it is provided, that the court shall, by its order. direct the time and place, at which the sale is to be made.

In the present case, it appears that the court did pass an order directing a sale at auction, terms cash; but that a blank was left in the order for the time and place. This was the last act of the court; and, therefore, neither the direction of the statute nor the rules of the court were complied with. The assignee was directed to give fourteen days' notice, so that it does appear, by implication, that the sale could not

be made consistently with the order within that time. But there was otherwise no limit as to the time within which it might be made, and no intimation in regard to place. It is said, that leaving blank spaces for the insertion of time and place was an authority given to the assignee, to fill the blanks in the order, and thus make it fix time and place. But the answer is, — and we think it conclusive, — that the court could not delegate this power; it was not a ministerial merely, but a judicial power; at least, one requiring the mind of the court to act on; otherwise, the order of such court, so essentially affecting the rights of parties incapable of acting for themselves, would not be entitled to the weight and authority claimed for it.

We are therefore of opinion, that the proceeding was erroneous, that no title passed by this sale, and that the demandant acquired no title by the deed from Lovell to him. This renders it unnecessary to express any opinion upon the validity of the title of the defendants, under the sale for taxes, either upon the question, whether the sale was well warranted, or, if good, what passed by it to the purchaser; and upon these questions we express no opinion. When no title is shown on either side, *melior est conditio defendentis.*

*Judgment for the tenants.*